UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GARY FRANKLIN, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| vs. | ) CAUSE NO. 3:16-CV-298 RLM |
| | ) (Arising out of 3:13-CR-73 RLM) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent | ) |

OPINION and ORDER

Gary Franklin pleaded guilty to possession of stolen vehicles transported across state lines in November 2013, and was sentenced to a term of 96 months' imprisonment. Although Mr. Franklin waived the right to contest his sentence or the manner in which it was determined in his plea agreement and waited more than three years after sentence was imposed, he is now before the court to get his sentence vacated, set aside, or corrected under 28 U.S.C. § 2255 [Doc. No. 128].[1] He contends that the loss amounts shown in the presentence investigation report were wrong and resulted in application of an "erroneously high Guideline range" and sentence, and summarily concludes that his attorney was "ineffective and deficient" because he didn't challenge the method used to calculate those losses.

---

[1] The court construed Mr. Franklin's original motion to correct the alleged "clerical error" under Fed. R. Crim. P. 36 [Doc. No. 124] as a petition to vacate his sentence under 28 U.S.C. § 2255 [Doc. No. 125], and gave him an opportunity to either withdraw the motion or submit additional materials he wanted the court to consider. Mr. Franklin chose the later and filed an amended § 2255 petition on May 12, 2016 [Doc. No. 128].

His motions to toll the time limit for filing a § 2255 petition [Doc. No. 129], to amend the petition [Doc. No. 130], and to verify receipt [Doc. No. 131] also pend before the court. For the following reasons, the court denies Mr. Franklin's motions.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Mr. Franklin's motion can be resolved without a hearing. *See* Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001); Daniels v. United States, 54 F.3d 290, 293 (7th Cir. 1995).

A § 2255 petition must be filed within one year of four possible dates: (1) the date the judgment of conviction becomes final; (2) if the movant was prevented from making a motion by unlawful government action, the date the obstacle is removed; (3) if the Supreme Court recognizes a new right, the date on which the right is recognized and made retroactively applicable to cases on collateral review; or (4) the date that the facts that support the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Mr. Franklin appears to concede that his petition is untimely, but contends that his access to the courts

was impeded by a Bureau of Prisons policy that prohibits inmates from having presentence reports in their possession, that he had trouble finding someone to assist him in preparing the petition, and that the only way to "cure this government impediment" is for the court to toll the limitations period.

"Equitable tolling is a remedy reserved for "[e]xtraordinary circumstances far beyond the litigant's control [that]... prevented timely filing.'" Nolan v. United States, 358 F.3d 480, 484 (7th Cir. 2004) (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000)). To the extent Mr. Franklin contends that the Bureau of Prison's policy regarding presentence reports prevented him from making his motion, he hasn't shown that the policy was "unlawful", that he couldn't have acquired the information by other means, or that he was unaware of the facts that supported his claim. Mr. Franklin simply contends that he couldn't have filed sooner because he didn't have unrestricted access to his presentence investigation report while in prison and had difficulty finding someone to assist him in preparing the petition. But he had access to the presentence report and the information in it before and during sentencing, was aware of the loss amounts used to determine his sentence, and is clearly capable of representing himself, as evidenced by the numerous post judgment motions he's filed challenging other aspects of his sentence. Based on the record before it, the court denies Mr. Franklin's motion to toll the limitations period, and finds that his petition is time barred under 28 U.S.C. § 2255(f).

Even had the petition been timely filed, a plea agreement containing a waiver of the right to appeal and to file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005); when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); or when the sentence is greater than the statutory maximum sentence for the offense of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005). Mr. Franklin hasn't made any of those arguments, didn't receive a sentence greater than the statutory maximum, and doesn't contend that his guilty plea was anything other than "a voluntary and intelligent choice among the alternate courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)). Mr. Franklin knowingly and voluntarily waived the right to contest his sentence and the manner in which it was determined in his plea agreement, and that waiver "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

Accordingly, Mr. Franklin's motions to vacate his sentence [Doc. Nos. 124 and 128] are DISMISSED, and his motions to amend [Doc. No. 130] and to check the status of his petition [Doc. No. 131] are DENIED as moot.

SO ORDERED.

ENTERED:   May 31, 2016

/s/ Robert L. Miller, Jr.
Judge, United States District Court

cc: G. Franklin
AUSA Schaffer